**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4239**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

REGINALD DEWAYNE JEFFRIES,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:07-cr-00056-LHT-1)

─────────────

Submitted: November 19, 2008    Decided: December 29, 2008

─────────────

Before MICHAEL, KING, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Dewayne Jeffries appeals from his convictions for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Jeffries contends the district court erred by permitting the Government to submit evidence of uncharged offenses and prior bad acts that were not relevant to the subject charges. Jeffries asserts that testimony regarding his previous possession of narcotics, as well as a prior sale of crack cocaine to an undercover officer, was irrelevant and prejudicial. Jeffries also contends that evidence he was banned from the public housing complex where the relevant events occurred should not have been admitted. Finally, Jeffries contends there was insufficient evidence to convict him of possession with intent to distribute cocaine. Because the district court committed no reversible error and there was sufficient evidence to support the charges, we affirm.

Jeffries concedes that, because he failed to object to the admission of the Government's evidence, his claims must be reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant

2

is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-37.

Evidence of other acts is not admissible to demonstrate bad character or criminal propensity, but such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except those which tend to prove only criminal disposition. Id. at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403, if: (1) the evidence is relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the crime charged; (3) reliable; and (4) the probative value of the evidence is not substantially outweighed by its prejudicial value. Queen, 132 F.3d at 997.

Jeffries' first contention is the evidence regarding the public housing ban against him was not relevant to any of the elements of the charged offenses, was not reliable due to a lack of evidence regarding the underlying offenses, and was

3

unduly prejudicial.  However, evidence that is intrinsic to the story of the alleged crime is not prohibited pursuant to Rule 404(b), as the Government is permitted to provide context relevant to the criminal charges.  United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007); Queen, 132 F.3d at 997.  During each of his encounters with police in March 2007, Jeffries was approached by officers because he was banned from the housing complex and was therefore trespassing.  The fact that Jeffries was banned was appropriately admitted to provide the context and setting of the case, as such evidence was relevant in explaining why Jeffries was approached by the officers and why he fled on March 27, 2007.  See United States v. Powers, 59 F.3d 1460, 1466 (4th Cir. 1995).  Because such evidence was necessary to complete the story surrounding the charged offenses and Jeffries has failed to demonstrate that he was subject to unfair prejudice as a result, the district court did not err in permitting testimony on this matter.

Jeffries next contends the testimony relating to his involvement in an undercover drug deal in July 2006 should not have been admitted, as his previous sale of crack cocaine was not relevant to the subject charge of possession with intent to distribute cocaine.  However, evidence of this prior drug transaction was probative of Jeffries' knowledge and intent to distribute narcotics in March 2007.  See United States v.

4

Branch, 537 F.3d 328, 341-42 (4th Cir. 2008) (citing United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004)). Furthermore, while the previous offense involved a completed sale of crack cocaine, it was sufficiently similar in nature to the charged offense of possession of powder cocaine with intent to distribute. See Queen, 132 F.3d at 996. Accordingly, such evidence was permissible under Rule 404(b).

Jeffries further asserts that the officers' testimony regarding his arrests on March 17 and 18, 2007, was not admissible, as these prior incidents were not similar to the charged offense and were not relevant to the element of intent to distribute. However, at trial, Jeffries testified that he did not possess or discard any cocaine on March 27, 2007. Accordingly, because the Government was required to establish the element of possession, the testimony regarding the events of March 17 and 18 provided evidence of intent, opportunity, and lack of mistake as to Jeffries' possession of cocaine on March 27.

Even assuming this evidence was not admissible pursuant to Rule 404(b), Jeffries has failed to demonstrate sufficient prejudice under Olano. Any prejudice suffered by Jeffries is tempered by the fact the Government provided him with notice of its intent to use this evidence at trial. See Queen, 132 F.3d at 997. The district court also provided a

5

limiting instruction to the jury at the close of the trial, noting that evidence of prior acts could not be considered as bearing on Jeffries' character or his propensity to commit any acts alleged in the indictment. See id. Finally, as explained infra, the Government provided substantial and convincing evidence that Jeffries was guilty of possession of cocaine with intent to distribute. See Branch, 537 F.3d at 342; United States v. Myers, 280 F.3d 407, 413 (4th Cir. 2002). In light of the considerable evidence of Jeffries' guilt, any prejudice suffered failed to affect the outcome of the proceedings.

Jeffries' final claim is that there was insufficient evidence to support his conviction for possession with intent to distribute cocaine. This court must affirm a conviction challenged for sufficiency of the evidence if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). A defendant challenging a conviction for sufficiency of the evidence bears a "heavy burden," United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995), and "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). An

6

appellate court must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).

While Jeffries contends there was insufficient proof of his intent to distribute narcotics, viewing the evidence in the light most favorable to the Government, there was adequate direct and circumstantial evidence to support Jeffries' conviction. First, Jeffries' prior sale of narcotics to an undercover officer in July 2006 served as evidence of similar intent to distribute in the present case. See Branch, 537 F.3d at 341-42. Furthermore, the substantial quantity of drugs recovered, as well as Jeffries' possession of a handgun, constituted additional circumstantial evidence of his involvement in narcotics distribution. See United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). Finally, while Jeffries testified that the cocaine recovered by police was not his and the handgun was used for personal protection, the jury clearly did not consider his testimony to be credible. Therefore, viewing the evidence in the light most favorable to the prosecution, we find the jury was provided with sufficient evidence to find the essential elements of the crime beyond a reasonable doubt.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>